1
2
3
4
5
6                        UNITED STATES DISTRICT COURT
7                              DISTRICT OF NEVADA
8                                     * * *
9    NICOLE ROSE,                          │   Case No. 2:12-cv-01320-MMD-VCF
10                          Plaintiff,      │
11        v.                               │          ORDER
                                           │   (Petition for Removal – dkt. no. 1)
12   NATIONAL UNION FIRE INSURANCE         │
     COMPANY, *et al.*,                    │
13                                         │
                           Defendants.     │
14
15

16        This case comes before this Court through Defendant National Union Fire

17   Insurance Company of Pittsburgh, PA's ("National Union") Petition for Removal.  (Dkt.

18   no. 1.)  Plaintiff Nicole Rose filed this action on April 15, 2012, in the Eighth Judicial

19   District Court in Clark County, Nevada.   Plaintiff's claims involve her late mother's

20   accidental death insurance policy.  Plaintiff's mother Penny Rose died on April 15, 2010,

21   from injuries arising out of an accidental fire at her home which occurred on March 10,

22   2010.  (Dkt. no. 1 at 8.)  Plaintiff thereafter attempted to receive the $10,000 in benefits

23   provided for in her mother's insurance policy.  Plaintiff alleges that Defendants engaged

24   in unfair and deceptive practices while investigating her claim.  (Dkt. no. 1 at 9-10.)

25        National Union removed the action on the basis of 28 U.S.C. § 1332.  Based on

26   the Court's review of the petition, questions exist as to whether the Court has jurisdiction

27   to hear this claim.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d

28   960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject

1  matter jurisdiction over the removed action sua sponte, whether the parties raised the
2  issue or not").  National Union pled that Rose is a resident of Nevada while it is a
3  Pennsylvania corporation.  Diversity jurisdiction, however, requires a demonstration of
4  citizenship, not merely residence.  (Dkt. no. 1 at 3); *see Steigleder v. McQuesten,* 198
5  U.S. 141, 143 (1905) ("[A] mere averment of residence in a particular state is not an
6  averment of citizenship in that state for the purposes of jurisdiction"); *Williams v.*
7  *McDaniel*, 119 F. Supp. 247, 249 (D. Nev. 1953) (requiring amendment of complaint to
8  allege citizenship, not residence); *see also Guaranty Nat'l Title Co., Inc. v. J.E.G.*
9  *Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996) (it is well settled that "[w]hen the parties allege
10 residence but not citizenship, the court must dismiss the suit"); *Seven Resorts, Inc. v.*
11 *Cantlen*, 57 F.3d 771, 774 (9th Cir. 1995) ("It is black letter law that, for purposes of
12 diversity, [r]esidence and citizenship are not the same thing").

13     National Union further pled that, based on Rose's various claims, the amount in
14 controversy exceeds $75,000.  (Dkt. no. 1 at 2.)  Since it is not clear from the face of
15 Rose's complaint that the federal jurisdictional threshold is met, National Union bears the
16 burden of demonstrating by a preponderance of the evidence that the amount in
17 controversy exceeds $75,000.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696,
18 699 (9th Cir. 2007).  The Court questions whether National Union has met its burden
19 based on the accounting it offered in its Petition.  The benefits under the insurance
20 policy amount to $10,000.  Further, it is not evident that Rose's punitive damages claim
21 will make her case worth the requisite $75,000.

22     For these reasons, National Union is directed to show cause as to why this action
23 should not be remanded for lack of subject matter jurisdiction.  Rose may file a response
24 pursuant to Local Rule 7-2.

25 ///

26 ///

27 ///

28 ///

IT IS THEREFORE ORDERED that, within fifteen (15) days from the entry of this Order, Defendant National Union shall SHOW CAUSE in writing why this case should not be remanded for lack of jurisdiction.

ENTERED THIS 30th day of July 2012.

_____
UNITED STATES DISTRICT JUDGE