UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICOLE ROSE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-01320-MMD-VCF<br><br>ORDER<br><br>(Petition for Removal – dkt. no. 1) |

　　　　This case comes before this Court through Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") Petition for Removal. (Dkt. no. 1.) Plaintiff Nicole Rose filed this action on April 15, 2012, in the Eighth Judicial District Court in Clark County, Nevada. Plaintiff's claims involve her late mother's accidental death insurance policy. Plaintiff's mother Penny Rose died on April 15, 2010, from injuries arising out of an accidental fire at her home which occurred on March 10, 2010. (Dkt. no. 1 at 8.) Plaintiff thereafter attempted to receive the $10,000 in benefits provided for in her mother's insurance policy. Plaintiff alleges that Defendants engaged in unfair and deceptive practices while investigating her claim. (Dkt. no. 1 at 9-10.)

　　　　National Union removed the action on the basis of 28 U.S.C. § 1332. Based on the Court's review of the petition, questions exist as to whether the Court has jurisdiction to hear this claim. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject

matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"). National Union pled that Rose is a resident of Nevada while it is a Pennsylvania corporation. Diversity jurisdiction, however, requires a demonstration of citizenship, not merely residence. (Dkt. no. 1 at 3); *see Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905) ("[A] mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction"); *Williams v. McDaniel*, 119 F. Supp. 247, 249 (D. Nev. 1953) (requiring amendment of complaint to allege citizenship, not residence); *see also Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996) (it is well settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit"); *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 774 (9th Cir. 1995) ("It is black letter law that, for purposes of diversity, [r]esidence and citizenship are not the same thing").

National Union further pled that, based on Rose's various claims, the amount in controversy exceeds $75,000. (Dkt. no. 1 at 2.) Since it is not clear from the face of Rose's complaint that the federal jurisdictional threshold is met, National Union bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The Court questions whether National Union has met its burden based on the accounting it offered in its Petition. The benefits under the insurance policy amount to $10,000. Further, it is not evident that Rose's punitive damages claim will make her case worth the requisite $75,000.

For these reasons, National Union is directed to show cause as to why this action should not be remanded for lack of subject matter jurisdiction. Rose may file a response pursuant to Local Rule 7-2.

///

///

///

///

     IT IS THEREFORE ORDERED that, within fifteen (15) days from the entry of this Order, Defendant National Union shall SHOW CAUSE in writing why this case should not be remanded for lack of jurisdiction.

     ENTERED THIS 30th day of July 2012.

                                            UNITED STATES DISTRICT JUDGE